IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-187-TAV-HBG |
| | ) | |
| FREDERICK LEON HINES, | ) | |
| | ) | |
| Defendant., | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On March 23, 2020, Defendant Frederick Hines filed a Motion to Dismiss [Doc. 69] the Indictment, after the expiration of the February 7, 2020 motion-filing deadline. On March 25, 2020, the undersigned ordered [Doc. 70] the Defendant to file a brief explaining the untimely filing of his Motion to Dismiss. On April 8, 2020, Defendant Hines submitted a brief [Doc. 71], which he filed as a motion, stating that his delay stemmed from defense counsel's inability to open the electronic discovery provided by the Government and from the time needed to review the voluminous discovery.

Defense counsel, an attorney from Michigan, appearing pro hac vice [Doc. 42],[1] states that he received the discovery on a USB drive on November 18, 2019. He asserts that he was not able

---

[1] Attorney Robin H. Kyle states that he was retained by the Defendant's sister to represent Defendant Hines on November 4, 2019. The Court permitted Mr. Kyle to appear with the Defendant at his initial appearance in this district on November 6, 2020. Mr. Kyle filed a Motion to Appear Pro Hac Vice [Doc. 19] on that same day; provided his certificates of good standing on November 26, 2019; and submitted his filing fee on December 23, 2019. The Court granted [Doc. 42] Mr. Kyle's Motion to Appear Pro Hac Vice on December 27, 2020, the day the Court reopened, after its holiday closure.

to open most of the files on the USB drive and wrote to Government's counsel seeking assistance on December 2, 2020, and on January 13, 2020. After several telephone conversations with Government's counsel, defense counsel obtained software, which allowed him to view hundreds of photographs and documents on the USB drive, but not all of them, to include "hundreds" of audio and video surveillance recordings.[2] Counsel argues that the basis for his Motion to Dismiss was not reasonably available to him by the February 7, 2020 motion deadline, because he could not view the discovery. Defense counsel maintains that he had to try numerous software programs in order to open and review hundreds of electronic documents before he could "credibly make the arguments contained in Defendant's Motion to Dismiss" [Doc. 71, p.4]. Defense counsel also argues that the Defendant will suffer significant prejudice, if the Court declines to entertain his motion, whereas the Government will not be prejudiced by litigation of the motion at this time. Thus, defense counsel asks the Court to find good cause to accept his untimely filing.

Motions alleging a defect in the indictment must be raised pretrial. Fed. R. Crim. P. 12(b)(3)(B). Rule 12 recognizes the Court's authority to set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). If a party fails to file a pretrial motion timely, the Court has discretion to decline to consider the motion, unless the party can show "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *Trujillo-Molina*, 678 F. App'x at 337. "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *Walden*, 625 F.3d at 965). As a general rule, when counsel makes a "conscious

---

[2] Defendant's Motion to Dismiss [Doc. 69] asks the Court to dismiss the charges against him, because the Government is not able to prove his participation in the conspiracy beyond a reasonable doubt. In his brief, the Defendant states that "[e]ven after acquiring software recommended by Plaintiff for viewing the electronic discovery, Defendant is unable to view a significant amount of the documents in electronic format" [Doc. 69-1, p.12]. In a footnote, he lists numerous files that he cannot open, including video surveillance files.

2

decision not to file a pretrial motion before the deadline, the party [asking to make an untimely filing] will not be able to establish good cause." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) (determining that counsel's decision not to file pretrial motions while attempting to negotiate a plea agreement is not good cause). "The Sixth Circuit rejects improvident strategy as a reason to excuse a tardy defensive motion." *United States v. Campos*, No. 5:17-CR-55-DCR-REW, 2018 WL 1406614, *3 (E.D. Ky Feb. 23, 2018) (R. Wier, MJ, Recommended Disposition) (finding defense counsel pursued plea negotiations, allowing the motion deadline to expire, as a matter of strategy). Moreover, the Court is reluctant to find that attorney negligence or oversight constitutes good cause. *See United States v. Chavez*, 902 F.2d 259, 263 (4th Cir. 1990) (finding court abused its discretion in denying untimely suppression hearing, when the late motion was not due "to negligence[ or] oversight" of counsel but, instead, government's failure to provide grand jury transcript).

In the instant case, the Defendant states the delay in filing the Motion to Dismiss is due to defense counsel's inability to open the electronic discovery from the Government, despite trying different software programs. The Court finds, based on the representations of defense counsel, the untimely filing was not a matter of defense strategy. The Court disagrees with the Defendant's assessment that the Government will suffer no prejudiced from the untimely filing, as the Government, just like the Defendant, has a right to rely on the deadlines set by the Court. However, it appears that litigation of the Motion to Dismiss can be accomplished before the June 16 trial date. Therefore, Court finds the prejudice to the Government will be minimal.

Accordingly, the Court finds the Defendant has established good cause for the untimely filing of his Motion to Dismiss. The Defendant's motion [**Doc. 71**] for the Court to accept his untimely filing is **GRANTED**. The Government is **DIRECTED** to respond to the Motion to

Dismiss [Doc. 69] on or before **April 27, 2020**. After the response is filed, the Court will determine whether a motion hearing is necessary.

    **IT IS SO ORDERED.**

        ENTER:

_____
United States Magistrate Judge